UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LUANNE S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:18-cv-00007-RLY-DML |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge REVERSE AND REMAND under sentence four the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") that plaintiff Luanne S. is not disabled.

---

[1] To protect privacy interests of claimants for Social Security benefits and consistent with a recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions. The plaintiff will therefore be referred to by her first name in this Report and Recommendation.

## Introduction

Plaintiff Luanne S. applied in December 2007 for Disability Insurance Benefits and Supplemental Security Income benefits based on disability under Titles II and XVI, respectively, of the Social Security Act, alleging she has been disabled since December 5, 2007. Although her applications were denied initially and upon reconsideration, an administrative law judge—without holding a hearing, but based on the strength of the record—found that she was disabled as of her alleged onset date and awarded benefits. The Agency's Office of Inspector General later determined that Luanne's benefits decision likely was affected by fraud and therefore her qualification for benefits must be redetermined. There is no suggestion that Luanne was part of the fraud. Rather, the Agency's OIG investigation uncovered a fraudulent benefits scheme perpetrated by a particular attorney, several medical doctors or psychologists in cahoots with the attorney, and an administrative law judge. Because the prior benefits decision in Luanne's favor was based on a medical opinion of one of these doctors whose opinions the Agency determined could not be relied upon and because the remaining evidence did not support the decision, the Appeals Council remanded Luanne's case for a new hearing and redetermination whether she was disabled as of the date—February 6, 2009—the original ALJ decided the applications in her favor.

A new hearing, by video, was held on December 7, 2016, before administrative law judge Robert M. Butler. (There were three attempts to hold the hearing before December 7, but each time Luanne was granted a postponement so

2

that she could obtain counsel and medical records could be gathered.) ALJ Butler issued a decision on April 27, 2017, that Luanne was not disabled as of February 6, 2009. The Appeals Council denied review of the ALJ's decision on November 13, 2017, rendering the ALJ's decision for the Commissioner final. Luanne timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Luanne argues that the Commissioner's decision must be reversed and remanded because the ALJ did not properly account for her moderate difficulties with concentration, persistence, and pace in his RFC or in the hypothetical to the vocational expert.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Luanne's specific assertion of error.

## **Standard for Proving Disability**

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Luanne is disabled if her impairments are of such severity that she is not able to perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration has implemented

these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for a listed impairment, then the claimant is presumptively disabled and qualifies for benefits. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy

that the claimant can perform, based on her vocational profile (age, work experience, and education) and RFC; if so, then she is not disabled.

The claimant bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her vocational profile and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines the conclusions she made, and she must trace the path of her reasoning and connect the

evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I.   The ALJ's Sequential Findings

Luanne was born in 1962, was 45 years old as of her alleged disability onset date in December 2007, and was 46 years old at the time of the original benefits decision in 2009. She traced her onset date to an automobile accident in December 2007, and did not work anytime afterward. Before the accident, she had worked as a home attendant caring for disabled persons and as a housekeeper.

At step one, the ALJ found Luanne had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ identified the following as severe impairments: degenerative disc disease of the thoracic, cervical, and lumbar spine; status post-motor vehicle accident causing cervical sprain, thoracic sprain, and left shoulder sprain; obesity; anxiety; depression; and dysthymic disorder. At step three, he found that no listing-level impairment was established by the record.

The ALJ next determined Luanne's residual functional capacity (RFC) for purposes of conducting the required analysis at steps four and five. He restricted Luanne to a modified form of sedentary work and determined that she was capable of performing "simple, routine, and repetitive tasks."

The ALJ found Luanne could not have performed her past relevant work, which was performed at either the heavy or light levels of exertion. The ALJ then concluded, based on the testimony of a vocational expert, that Luanne was capable

of performing several jobs consistent with her physical capabilities at the sedentary level and her limitation to "simple, routine, and repetitive tasks." Accordingly, the ALJ decided at step five that Luanne had not been disabled between her alleged onset date and February 2009 (the date of the original decision).

## II.     Luanne's Assertion of Error

As noted, Luanne raises one error. She argues that the ALJ's decision is not supported by substantial evidence because the ALJ's restriction to simple, routine, and repetitive work did not account for her difficulties with concentration, persistence, and pace that he also found. On this record, the court must agree.

As explained by the Seventh Circuit in numerous cases, including *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 620 (7th Cir. 2010), *Yurt v. Colvin,* 758 F.3d 850, 859 (7th Cir. 2014), *Varga v. Colvin,* 794 F.3d 809, 814 (7th Cir. 2015), and *Winsted v. Berryhill,* ____ F.3d ____, 2019 WL 494052 (7th Cir. Feb. 8, 2019), when the ALJ finds documented limitations in the claimant's abilities with concentration, persistence, and pace, the ALJ must account for those restrictions in the hypothetical to a VE whose opinion about available jobs the ALJ adopts. And importantly, as the Seventh Circuit has explained in these cases—repeatedly—a restriction to simple, routine, and repetitive work will not in *most* cases account for those difficulties. As summarized most recently in *Winsted*:

> We have also made clear that in most cases "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence, and pace," and thus, alone, are insufficient to present the claimant's limitations in this area.

7

2019 WL 494052 at *4.

This is one of those "most" cases in which the restriction to simple, routine repetitive work (also commonly referred to, in shorthand, as "unskilled work") does not capture the claimant's limitations. The ALJ found that Luanne had presented documentary evidence of severe impairments of anxiety, depression, and dysthymic disorder (chronic depression), and that these mental health impairments supported a finding that Luanne had moderate difficulties in maintaining concentration, persistence, or pace. (R. 23). The ALJ also stated that he accepted Luanne's subjective complaints about her "difficulty concentrating, physical pain, and history of anxiety and depressive symptoms," which caused him to limit her to unskilled work. But there is no explanation anywhere in the ALJ's decision how Luanne's particular difficulties with concentration and other effects of pain, anxiety, and depression are accommodated by unskilled work.

The ALJ did not rely on anything within a medical record or medical opinion to make a connection between Luanne's difficulties and the requirements of unskilled work, and he did not articulate a connection himself. The court has no understanding from the ALJ's decision why Luanne can overcome problems with concentration and the other effects of her anxiety, pain, and depression if the work is unskilled. This case is not, as the Commissioner contends, analogous to the unpublished decision (but post *O'Connor-Spinner*) in *Capman v. Colvin,* 617 F. App'x. 575 (7th Cir. 2015). In *Capman*, the claimant's difficulties with concentration, persistence, and pace (CPP) stemmed from his anxiety attacks from

being around others, a medical opinion stated that even with the claimant's difficulties with CPP, he could manage the stress of unskilled work, and the RFC also limited the claimant's interactions with others. In the Commissioner's other post *O'Connor-Spinner* case, *Parrott v. Astrue,* 493 Fed. App'x. 801 (7th Cir. 2012), the ALJ also relied on a medical opinion in translating the claimant's CPP difficulties into an appropriate RFC. The court also cannot indulge the Commissioner's view that the ALJ was only being generous in Luanne's case in making a moderate CPP finding and imposing a limit to unskilled work and therefore the court should not demand a logical connection supplied by the record on which the ALJ relied.

Because of the absence of any articulated logical tie, the court is left with only an *ipse dixit* that moderate difficulties with concentration, persistence, and pace are accommodated by a limitation to unskilled work. That's not good enough under the Seventh Circuit's precedents: "[W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks . . . captures temperamental deficiencies and limitation in concentration, persistence, and pace." *Varga,* 794 F.3d at 814.

This case presents the paradigmatic *O'Connor-Spinner* error, and it must be reversed and remanded.

## Conclusion

For the foregoing reasons, the Magistrate Judge reports and recommends that the District Judge REVERSE and REMAND the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

**Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.**

IT IS SO RECOMMENDED.


Dated: February 15, 2019

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record by email through the court's ECF system